**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CLAYTON M. BROWN,

      Plaintiff,

                                         CASE NO. 3:07-cv-868-J-16TEM

vs.

DIANE ROSS,
JAKE M. GODBOLD,
WILLIAM J. CLINTON,
GEORGE W. BUSH, et al.

      Defendants.

_____

**REPORT AND RECOMMENDATION**[1]

      This case is before the Court on Plaintiff's complaint (Doc. #1) and amended Affidavit of Indigency (Doc. #7),[2] which the Court construes as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  For the following reasons, the Court finds that Plaintiff's motion is due to be denied and the case dismissed.

      Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  The Court's decision to grant *in forma pauperis* status is discretionary and should be granted only to those who are truly indigent.  *Pace v. Evans*, 709 F.2d 1428 (11th Cir. 1983).

      Here, Plaintiff's amended affidavit of indigency reveals that although he is not employed, he receives a monthly income of $912.00.  (Doc #7 at 4).  Plaintiff's affidavit of indigency shows

---

[1]Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1) and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] The Court allowed Plaintiff to amend a prior insufficient affidavit of indigency.  (*See* Docs. #2 and #6).

that his average monthly expenses do not exceed his total monthly income.   Accordingly,

Plaintiff's amended Affidavit of Indigency (Doc. #7), which the Court construes as a motion to

proceed *in forma pauperis*, should be denied.

Additionally, as recognized by the United States Supreme Court, "a litigant whose filing

fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Thus, courts are empowered with discretion to dismiss an action, sua sponte, if it is frivolous or

malicious.  *See id.*  A suit "is frivolous where it lacks an arguable basis either in law or in fact."

*Id.* at 325.   Dismissal of a complaint pursuant to this principle should be ordered only if the

complaint relies on clearly meritless legal theories,  *see id.* at 327, or where the facts asserted

therein "are 'clearly baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*,

490 U.S. at 327).   However, a court should not dismiss a pro se litigant's complaint pursuant to

§ 1915 for failure to state a claim "without granting leave to amend at least once when a liberal

reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA

Fed. Sav. Bank*, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (internal quotation marks

omitted); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004) (per

curiam).

Plaintiff's complaint is a 21 page manifesto-like document largely comprised of

unnumbered, single-spaced paragraphs, which sets forth Plaintiff's account of the myriad of ways

in which he believes he has been discriminated against due to his status as an African American.

(*See generally* Doc. #1).   This pervasive and systemic discrimination, he claims, constitutes

equal protection and due process violations.  Plaintiff states: "Finding my Constitutional and Civil

Rights compromised and trouble on every corner of the earth, I am compelled to seek your office [*i.e.* the Court] to such things, for justice punitive, and property and etc." (Doc. #1 at 20).

Upon examination of the complaint, the Court finds it fails to state a cause of action upon which relief can be granted within the meaning of 28 U.S.C. § 1915.  Although Plaintiff alleges discriminatory hiring practices and that he lost his job, he fails to allege facts sufficient to support a claim cognizable in federal court.  (*See* Doc. #1 at 2-3).

For instance, Plaintiff names several individual defendants in his complaint but fails to identify which allegations pertain to these individuals.  Moreover, individual defendants may not be sued for violations of Title VII.  *See Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir. 1995) (holding the individually named defendants could not be considered plaintiff's employer and, therefore, could not be held liable under Title VII); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act"); *Cross v. Alabama*, 49 F.3d 1490, 1504 (11th Cir.1995).

In reviewing the complaint, the undersigned applied the liberal construction to which pro se pleadings are entitled.  *See Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). Liberal construction, however, cannot serve as a substitute for establishing a cause of action. *See GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

In conclusion, the Court **recommends that Plaintiff's affidavit of indigency be DENIED**. The Court further finds Plaintiff's complaint to be frivolous on its face and therefore **recommends this action be DISMISSED**.

**DONE AND ENTERED** at Jacksonville, Florida, this   2nd   day of November, 2007.

Copies to:
*Pro Se* Plaintiff

THOMAS E. MORRIS
United States Magistrate Judge